1
2
3
4                UNITED STATES DISTRICT COURT
5                     DISTRICT OF NEVADA
6                            * * *

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, TRUSTEE FOR THE STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-11,<br><br>            Plaintiff,<br><br>    v.<br><br>FIDELITY NATIONAL TITLE GROUP, INC.; CHICAGO TITLE INSURANCE COMPANY; TICOR TITLE AGENCY OF NEVADA; DOE INDIVIDUALS I through X; and ROE CORPORATIONS XI through XX, inclusive,<br><br>            Defendants. | Case No. 2:21-cv-00383-KJD-EJY<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |

Before the Court are Plaintiff's Motion to Remand (ECF #6) and Motion for Attorney Fees (ECF #7). Defendant responded in opposition (ECF #43) to which Plaintiff replied (ECF #52).

I.      Background

On September 30, 2021, the parties stipulated to stay this action pending the appeal of a similar case. (ECF #54). The Ninth Circuit issued its ruling on the appeal on November 5, 2021. Wells Fargo Bank, N.A. v. Fidelity Nat'l Title Ins. Co., No. 19-17332, 2021 WL 5150044 (9th Cir. Nov. 5, 2021). The parties have not requested that the stay be lifted, but the purpose of the stay was to await the resolution of that appeal. As such, the Court lifts the stay to rule on the instant motion. Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007) ("[A] district court possesses the inherent power to control its docket and promote efficient use of judicial resources.").

Plaintiff Wells Fargo Bank, National Association, as Trustee for the Structured Adjustable Rate Mortgage Loan Trust, Mortgage Pass-Through Certificate Series 2005-11 ("Wells Fargo") is the beneficiary of a deed of trust encumbering real property in Nevada. (ECF #6, at 3). During the loan origination process, Defendants Ticor Title Agency of Nevada ("Ticor Nevada") and Chicago Title Insurance Company ("Chicago Title") entered into a contractual relationship with Wells Fargo's predecessor to insure the Deed of Trust in superior position to competing liens. Id. A homeowner's association ("HOA") foreclosed on its lien on the encumbered property in December 2013. Id. at 4. Wells Fargo, believing its Deed of Trust was in superior position to the HOA lien, submitted a claim to Ticor Title Insurance Company under the insurance policy. Id. Chicago Title, the predecessor in interest to Ticor Title Insurance Company, denied the claim. Id. The buyer at the HOA foreclosure sale filed a complaint, seeking a declaration that the Deed of Trust was extinguished by the foreclosure sale. Id. Wells Fargo filed a counterclaim, seeking a declaration that the Deed of Trust was not extinguished. Id. The litigation resulted in summary judgment in favor of Wells Fargo, which was appealed to the Nevada Supreme Court. Id. Wells Fargo then filed the instant action to recover its remaining losses and other damages. Id. Two days after this suit was filed in state court, Chicago Title removed the action to federal court, before any of the defendants could be served. Id. at 2. The parties agree that complete diversity exists, but disagree whether Ticor Nevada, the forum defendant, should be involved and prevent removal.

There are many similar actions currently being litigated in Nevada and this issue of snap removal has become a common question. To date, six judges in the District of Nevada have ruled on the issue.[1] Five, including this Court, have found that snap removal is improper and remanded the cases to state court, while one judge has denied remand, ruling that the snap removal is an

---

[1] See Deutsche Bank Nat'l Tr. Co. as Tr. for Am. Home Mortg. Inv. Tr. 2007-1 v. Old Republic Title Ins. Grp., Inc., 532 F.Supp.3d 1004, 1010–11 n.3 (D. Nev. 2021); U.S. Bank Tr. Nat'l Ass'n v. Fidelity Nat'l Title Grp., Inc., No 2:20-cv-02068-JCM-VCF, 2021 WL 223384 (D. Nev. Jan. 22, 2021); HSBC Bank USA, Nat'l Ass'n as Tr. for Certificateholders of ACE Secs. Corp. Home Equity Loan Tr., Series 2007-MW1, Asset-Backed Pass-through Certificates v. Fidelity Nat'l Title Grp., Inc., 508 F.Supp.3d 781 (D. Nev. 2020); Wells Fargo Bank, N.A. as Tr. of Holders of Harborview Mortg. Loan Tr. Mort. Loan Pass-through Certificates, Series 2006-12 v. Fidelity Nat'l Title Grp., Inc., No. 2:20-cv-01849-APG-NJK, 2020 WL 7388621 (D. Nev. Dec. 15, 2020); Deutsche Bank Nat'l Tr. Co. v. Fidelity Nat'l Title Grp., Inc., No. 2:20-cv-01606-APG-BNW, 2020 WL 7360680 (D. Nev. Dec. 15, 2020); Sparks v. Mamer, No. 2:20-cv-0661-KJD-VCF, 2020 WL 6820796 (D. Nev. Nov. 20, 2020).

acceptable practice according to the plain language of the statute.[2] The Court joins the majority of the judges in the District and finds that Defendant's snap removal prior to service was improper and the forum defendant rule requires a remand to state court.

## II.   Legal Standard

Federal courts are courts of limited jurisdiction. See U.S. CONST. art. III, § 2, cl. 1; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). Accordingly, there is a strong presumption against removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). A defendant may remove any civil action from state court when the federal district court has original jurisdiction. 28 U.S.C. § 1441(a). A diversity case cannot be removed if "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Id. at § 1441(b)(2). Courts strictly construe the removal statute against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to right of removal in the first instance." Gaus, 980 F.2d at 566. The removing party bears the burden of establishing federal jurisdiction. California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2007).

Removal based on diversity jurisdiction requires complete diversity, meaning "the citizenship of each plaintiff is diverse from the citizenship of each defendant." Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996). However, when "determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 548 (9th Cir. 2018) (citing Chesapeake & Ohio Ry. Co. v. Cockrell, 232 U.S. 146, 152 (1914)).

## III.   Analysis

Chicago Title argues that the plain language of the removal statute permits removal of this action. Chicago Title focuses on the language of the statute, which states that diversity actions may not be removed "if any of the parties in interest **properly joined and served** as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2)

---

[2] See U.S. Bank, N.A. as Tr. to Wachovia Bank Nat'l Assoc. v. Fidelity Nat'l Title Grp., Inc., No. 2:21-cv-00339-GMN-VCF (D. Nev. Nov. 29, 2021).

(emphasis added). This is known as the forum defendant rule. Chicago Title argues that because it removed the action prior to any defendant being served, the forum-defendant rule does not apply. Additionally, Chicago Title argues that Ticor Nevada, the forum defendant, was fraudulently joined, and as such, the Court should ignore its citizenship when making a diversity determination. Wells Fargo argues that this removal promotes gamesmanship by defendants and undermines the purpose of the forum defendant rule.

### A. Ticor Nevada was not Fraudulently Joined

Fraudulent joinder can be established two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Grancare, LLC, 889 F.3d at 548 (quoting Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009)) (internal quotation marks omitted). Under the second prong, a fraudulent joinder "fails to state a cause of action against the resident defendant" if "the failure is obvious according to the settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). Put differently, the defendant need show that a non-diverse party joined in the action cannot be liable on any theory. Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). "A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.'" Grancare, LLC, 889 F.3d at 548 (9th Cir. 2018) (quoting Hunter, 582 F.3d at 1046). The Ninth Circuit has "declined to uphold fraudulent joinder rulings where a defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal." Id.

Chicago Title argues that removal was proper because the only forum defendant, Ticor Nevada, was fraudulently joined. (ECF # 43, at 16). Wells Fargo brings five claims against Ticor Nevada: (1) declaratory judgment on the insurance policy; (2) breach of contract; (3) bad faith and breach of the covenant of good faith and fair dealing; (4) deceptive trade practices under NRS § 41.600 and NRS § 598.0915; and (5) unfair practices in settling claims under NRS § 686A.310 (ECF #1, at 20–29).

The Court cannot find that Wells Fargo has failed to state a cause of action against Ticor

Nevada. Chicago Title contests the validity of Wells Fargo's contract claims, alleging Ticor Nevada was not a party to the contract. To support its assertion, Chicago Title argues that Ticor Nevada did not underwrite the policy. In addition, Chicago Title attacks the alter-ego allegations against Ticor Nevada as an alternative form of liability. However, Chicago Title largely overlooks Wells Fargo's claims against Ticor Nevada for deceptive trade practices under NRS 41.600 and 598.0915 and unfair claim-settling practices under NRS 686A.310. Chicago Title's only argument that these claims are fruitless is that the statute of limitations has expired given the "purported misrepresentation occurred 15 years ago." (ECF #43, at 18). However, actions "against a person alleged to have committed a deceptive trade practice . . . shall be deemed to accrue when the aggrieved party discovers, or by the exercise of due diligence should have discovered, the facts constituting the deceptive trade practice." NEV. REV. STAT. § 11.190(2)(d). Wells Fargo alleges that it was not aware of deceptive trade practice until it discovered the internal memoranda and guidelines that Defendants allegedly withheld. (ECF #52, at 12–13). The fact that the purported misrepresentation occurred over 15 years ago, as Chicago Title argues, is irrelevant. The important question is when Wells Fargo discovered or reasonably should have discovered facts giving rise to the action. Based on the complaint, the claim likely occurred within the statute of limitations period when Wells Fargo discovered that defendants hid internal memoranda and guidelines that concealed coverage.

At this stage in the litigation, the Court will not conduct a "searching inquiry into the merits of the plaintiff's case against the forum defendant." HSBC Bank, 508 F.Supp.3d at 786 (internal citations omitted). Instead, the Court finds that there is a possibility that a state court would find that the complaint states a cause of action against [the forum defendant . . . and] must find that the joinder was proper." Id.

### B. Chicago Title's Snap Removal was Improper

Chicago Title argues that its snap removal is a valid means of avoiding the forum defendant rule. It urges the Court to follow the appellate courts that have reviewed § 1441(b)(2) and found the statute allows the tactic. Wells Fargo argues that allowing snap removal would contravene the statute's purpose. Both sides acknowledge that the Ninth Circuit has yet to review

the specific question. The Courts in this District who have reached the question have almost uniformly held that 'snap removal' is improper under 28 U.S.C. § 1441(b)(2). Deutsche Bank Nat'l Tr. Co. as Tr. for Am. Home Mortg. Inv. Tr. 2007-1 v. Old Republic Title Ins. Grp., Inc., 532 F.Supp.3d 1004, 1010–11 n.3 (D. Nev. 2021) (collecting cases).[3]

When interpreting a statute, the Court looks first to the plain language of the statute to discern congressional intent. See, e.g., Zuress v. Donley, 606 F.3d 1249, 1252–53 (9th Cir. 2010). "It is well established that when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." Lamie v. U.S. Trustee, 540 U.S. 526, 534 (2004) (quoting Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6, (2000)) (internal quotation marks omitted). The court "may not adopt a plain language interpretation of a statutory provision that directly undercuts the clear purpose of the statute." Albertson's, Inc. v. C.I.R, 42 F.3d 537, 545 (9th Cir. 1994).

Some appellate courts have determined that the "properly joined and served" language in § 1441(b)(2) renders the statue clear and unambiguous, allowing snap removal before any defendant is served. However, not all courts agree. Many judges from this district reason that the word "any" in "any of the parties in interest properly joined and served" necessarily means that the statute assumes one party has been served. 28 U.S.C. § 1441(b)(2) See Wells Fargo Bank, N.A. v. Old Republic Title Ins. Grp., Inc., No. 2:20-cv-00461-JCM-NJK, 2020 WL 5898779, at *2 (D. Nev. Oct. 5, 2020). The fact that reasonable jurists differ on the statute's language evidences its ambiguity. Whether the language is ambiguous or not, Chicago Title's interpretation would render the forum defendant rule impotent.

The purpose of the removal power is to "protect non-forum litigants from possible state court bias in favor of forum-state litigants." Gentile v. Biogen Idec, Inc., 934 F.Supp.2d 313, 319 (D. Mass. Feb. 21, 2013). Forum defendants are not at such a risk and their presence "presumably mitigates concerns of state-court bias toward the plaintiff." HSBC Bank, 508

---

[3] One case disagrees with the other courts in the District and ruled that remand was improper. U.S. Bank, N.A. as Tr. to Wachovia Bank Nat'l Assoc. v. Fidelity Nat'l Title Grp., Inc., No. 2:21-cv-00339-GMN-VCF (D. Nev. Nov. 29, 2021).

F.Supp.3d at 789. The language regarding a defendant who is "properly joined and served" was added to the removal statute in 1948. Gentile, 934 F.Supp.2d at 319. The Gentile court's review of Supreme Court precedent at that time "suggests the purpose of the 'properly joined and served' language was to prevent plaintiffs from defeating removal through improper joinder of a forum defendant," not to give defendants a loophole to avoid the forum defendant rule. Id. at 319–20. Snap removal prior to service does not aid in preventing the defeat of removal through improper joinder.

The Court finds that adopting Chicago Title's interpretation of the statute would "undercut the clear purpose" of the forum defendant rule and encourage defendants to hijack a plaintiff's choice of forum by racing to remove prior to service. Albertson's, Inc., 42 F.3d at 545. The Court will not apply the statute in a way that would "eviscerate the purpose of the forum defendant rule." Mass. Mut. Life Ins. Co. v. Mozilo, 2012 WL 11047336, *2 (C.D. Cal. June 28, 2012) (citation omitted). By remanding to state court, the Court "provides some measure of protection for a plaintiff's choice of forum" while interpreting the statute in favor of remand, as required. HSBC Bank, 508 F.Supp.3d at 789 (quoting Gentile, 934 F.Supp.2d at 319); Gaus, 980 F.2d at 566.

### C. Wells Fargo's Standing to Bring Claims

Chicago Title argues that Wells Fargo lacks standing to bring this action because there was no assignment of the Deed of Trust to Wells Fargo. Accordingly, if Wells Fargo does not have standing to bring these claims, then the motion to remand should be denied. When determining a motion to remand, courts consider diversity "at the time the complaint is filed and the removal is effected." Wilson v. Bristol West Ins. Grp., No. 2:09-cv-00006-KJD-GWF, 2009 WL 3105602, at *3 (D. Nev. Sep. 21, 2009). Chicago Title's argument would require the Court to look beyond diversity and determine whether Wells Fargo has "an injury in fact, that its injury is fairly traceable to the [defendants'] actions, and that its injury will likely be redressed by this action." Gospel Missions of America v. City of Los Angeles, 328 F.3d 548, 554 (9th Cir. 2003) (internal quotations omitted). Wells Fargo has alleged that it was assigned the Deed of Trust, arguing that the second assignment was not a new assignment, but merely a corrective

1  assignment to correct the name of the assignee. (ECF #52, at 13). At this stage in the litigation,
2  the Court is only concerned with whether diversity jurisdiction exists. The issue of whether
3  Wells Fargo has standing to bring the claims may be addressed in a motion to dismiss.

### D.  Wells Fargo is not Entitled to Attorney's Fees

5  28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of
6  just costs and any actual expenses, including attorney fees, incurred as a result of the removal."
7  The decision to award attorney fees is left to the discretion of the court. Martin v. Franklin
8  Capital Corp., 546 U.S. 132, 139 (2005). "[A]bsent unusual circumstances, courts may award
9  attorney's fees under § 1447(c) only [when] the removing party lacked an objectively reasonable
10  basis for seeking removal." Martin, 546 U.S. at 136. Therefore, courts in the Ninth Circuit assess
11  the clarity of the relevant law to determine whether there was an objectively reasonable basis for
12  removal. See Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1066 (9th Cir. 2008) ("[T]he test
13  is whether the relevant law clearly foreclosed the defendant's basis of removal.").
14  Wells Fargo argues that Chicago Title has engaged in jurisdictional gamesmanship
15  removing every title insurance case immediately after it is filed. Wells Fargo highlights the
16  consensus among the District's judges that the tactic contorts the meaning and purpose of the
17  removal statue. However, the propriety of snap removal is a contested issue with supporting
18  caselaw that the Ninth Circuit has not ruled on. Because Chicago Title had an objectively
19  reasonable basis for removal, the Court declines to award Wells Fargo the fees and costs it
20  incurred because of the removal.
21  //
22  //
23  //
24  //
25  //
26  //
27  //
28  //

IV. <u>Conclusion</u>

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Remand (ECF #6) is **GRANTED.**

IT IS FURTHER ORDERED that Plaintiff's Motion for Attorney Fees (ECF #7) is **DENIED**.

Dated this 30th day of March, 2022.

                                          Kent J. Dawson
                                        United States District Judge